HENRY GUNTER v. J. GOLDSMITH & SONS COMPANY, et al.

Western Section. March 31, 1932.

Judgment affirmed by Supreme Court, December 19, 1932.

Wallace Lopez, of Memphis, for appellant.
Hugh Edgington, of Memphis, for appellee.

SENTER, J.   The original bill was filed in this cause seeking to have a judgment rendered against the complainant by a Justice of the Peace, decreed to be fraudulent, and set aside and to quash an execution issued on said judgment and levied by garnishment on the wages of complainant.

The bill proceeds upon the theory that complainant was not served with process in a suit by defendant Goldsmith & Sons Company to recover on an alleged contract executed by complainant and his wife for the purchase of a sewing machine, which contract was signed by the wife of complainant, and who, without any authority signed the name of her husband, the complainant, to the contract, and that complainant was not then living with said wife, although living in the same house with her. The bill alleges that the complainant, who was the defendant in the Justice of the Peace suit, was not served with process, and had no notice of the suit against him on said contract, and hence did not appear to defend said suit, and that the judgment rendered against him was void.

We do not find a bill of exceptions contained in the record. The record shows that a jury had been demanded and waived, and that the case was tried on oral evidence before the Chancellor, resulting in a dismissal of complainant's bill.

There is a finding of facts by the Chancellor, and from which it appears that it was agreed or stipulated by the parties that if I. H. McCoy, the officer who made the return on the Justice of the Peace warrant, would testify that he was a duly qualified and acting Deputy Sheriff and that the warrant came into his hands as such officer, and that he executed the same by reading it to complainant, the defendant named in said warrant.

In the absence of a bill of exceptions, we must assume that the evidence supported the finding of the facts as found by the Chancellor, to the effect that the complainant had failed to show by convincing evidence that he had not been served with process.

The assignments of error of appellant are as follows:

"1. The court erred in holding that the undisputed testimony of complainant was insufficient to overrule the officer's return.

"2. The court erred in dismissing the original bill and injunction, thereby making valid the purported contract, which was not signed by the complainant."

The propositions of law insisted upon by appellant in support of the assignments of error, are based upon alleged facts. In the absence of a bill of exceptions containing the evidence heard by the Chancellor, this court must conclude that the facts as found by the Chancellor were supported by the evidence.

It follows that the assignments of error are overruled, and the decree of the Chancellor is affirmed. Appellant, who appealed from the decree of the Chancellor to this Court on the pauper's oath, will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.